ORIGINAL

FILED

01/10/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0740

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 22-0740

STATE OF MONTANA,

    Plaintiff and Appellee,

v.

K.A.B.,

    Youth and Appellant.

FILED

JAN 1 0 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

K.A.B. has filed a Petition for an Out-of-Time Appeal, explaining that this Court's dismissal of his appeal on November 22, 2022 was erroneous "because the denial of [§] 46-18-116 motion[] [which allows for correction of judgments that conflict with oral pronouncement of sentence] is appealable." He argues equitable tolling warrants an out-of-time appeal and that a gross miscarriage of justice will result without an appeal. K.A.B. explains that he was adjudicated delinquent in 2003 and that the court committed him to the Department of Corrections (DOC) until the age of 18 years. He states that at the time, his counsel moved to correct the judgment and its conditions, pursuant to § 46-18-116, MCA, and that the District Court ordered a hearing, but never set a date. K.A.B. contends that his "motion remained pending and unadjudicated from 2004 until 2022, when K.A.B. asked the [District Court] to rule on it" by filing a Notice of Issue.

In our order entered November 22, 2022, we addressed K.A.B.'s request for appointment of counsel. We noted that K.A.B. sought to appeal an order entered by the District Court denying K.A.B's Notice of Issue. The District Court held that K.A.B.'s sentence and disposition expired "long ago" and that K.A.B.'s case was closed and his records destroyed, as required by statute. Noting that the District Court's order denying K.A.B.'s Notice of Issue was not a final judgment from which K.A.B. could take an appeal,

we declined to appoint K.A.B. counsel and dismissed his appeal. In the current appeal, K.A.B. includes a copy of the court's May 11, 2004 Order and Judgment.

K.A.B.'s 2003 conviction arises as follows. The State charged K.A.B. with felony sexual intercourse without consent, felony aggravated kidnapping, and misdemeanor criminal mischief. The State moved to transfer jurisdiction of the juvenile proceeding to the District Court and, at a hearing held May 6, 2004, jurisdiction was transferred from Youth Court and the District Court retained jurisdiction of K.A.B. until K.A.B. reached 25 years of age. The court imposed several conditions, including DNA testing, sexual offense registration, sex offender treatment, and no contact with the victim, after accepting K.A.B.'s guilty plea to felony burglary and felony escape. The felony aggravated kidnapping charge was dismissed.

K.A.B. now seeks an out-of-time appeal of his near twenty-year old conviction. M. R. App. P. 4(6) allows this Court to grant an out-of-time appeal "[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice[.]" "Extraordinary circumstances do not include mere mistake, inadvertence, or excusable neglect." M. R. App. P. 4(6).

This Court has reviewed K.A.B.'s pleadings and attachments. The District Court retained jurisdiction of K.A.B. and K.A.B. is mistaken in his contention that jurisdiction was lost when the DOC wrote a letter dated January 5, 2004 indicating that K.A.B. would be released on his eighteenth birthday. We reviewed the register of actions. The District Court received a copy of the letter on January 8, 2004, and the court issued an order five days later to transport K.A.B. from Pine Hills to Lewis and Clark County, consistent with the District Court's retention of jurisdiction. The Lewis and Clark County Jail received K.A.B. on January 17, 2004.

K.A.B. also contends that the court was without jurisdiction to require him to register as a sexual offender and that the court's oral pronouncement conflicts with the written judgment. In its reasons for the sentence, the District Court provided that "[r]egistration as a sexual offender is required due to the nature of the sexual offense."

2

Pursuant to Montana law, "[i]n imposing a sentence on an offender convicted of a sexual or violent offense, as defined in 46-23-502, the sentencing judge may not waive the registration requirement provided in Title 46, chapter 23, part 5." Section 46-18-201(6), MCA (2001). The District Court did not have an option in requiring K.A.B.'s sexual offender registration. *See also* §§ 46-18-202(3), 46-23-502, MCA (2001).

K.A.B. further maintains that the District Court may not impose additional conditions when transferring a youth to Adult Court. However, upon review we conclude that no conflict exists between the oral pronouncement and the written judgment. The District Court gave its detailed reasons in imposing its sentence:

> In imposing the foregoing order and judgment, the [c]ourt relied primarily on the nature of the offenses committed by the defendant. The circumstances of the burglary are not that of the typical burglary committed by a seventeen (17) year old. It was much more. The offenses committed by the defendant were very serious offenses. The sexual intercourse without consent was committed just a few days shy of the defendant's 17th birthday. It was forcible rape. The defendant restrained the victim sometime later, resulting in a new felony charge. When the defendant was released to his grandparents, he violated the order of Judge McCarter that he have no contact with the victim of his offense soon thereafter. He went to detention and was released again to his grandparents and violated the conditions of his house arrest within days. The burglary was committed shortly thereafter and the attempt to get to his victim.

Order and Judgment, at 10 (Mont. First Judicial District Ct. May 11, 2004).

K.A.B. has no basis for an appeal. Denial of his Petition will not cause a gross injustice to K.A.B. Accordingly,

IT IS ORDERED that K.A.B.'s Petition for an Out-of-Time Appeal is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to K.A.B. personally.

DATED this ＿10＿ day of January, 2023.

3

_____
Chief Justice

_____


_____


_____


_____
Justices

4